**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OSVALDO PADILLA and JUAN
TORRES, on behalf of themselves
and on behalf of all others similarly
situated,

      Plaintiffs,                              CASE NO.:

v.

MCCALL SERVICE, INC.,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, OSVALDO PADILLA ("Named Plaintiff Padilla") and JUAN TORRES ("Named Plaintiff Torres"), (collectively as "Plaintiffs"), by and through undersigned counsel, on behalf of themselves and on behalf of all others similarly situated, brings this action against Defendant, MCCALL SERVICE, INC. ("Defendant"), and in support of their claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Named Plaintiff Padilla is a resident of Hillsborough County, Florida.

5. Named Plaintiff Torres is a resident of Hillsborough County, Florida.

6. Defendant MCCALL SERVICE, INC. operates a residential pest control service business across the state of Florida with a location in Tampa, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

7. Plaintiffs have satisfied all conditions precedent, or they have been waived.

8. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiffs request a jury trial for all issues so triable.

10. At all times material hereto, Named Plaintiff OSVALDO PADILLA was employed by Defendant as a pest control technician.

11. At all times material hereto, Named Plaintiff JUAN TORRES was employed by Defendant as a pest control technician.

12. The putative class of similarly situated employees consists of all other pest control technician's employed by Defendant within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

13. At all times material hereto, Plaintiffs and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

14. At all times material hereto, Plaintiffs and Members of the Class were "employees" of Defendant MCCALL SERVICE, INC. within the meaning of the FLSA.

15. At all times material hereto, Defendant MCCALL SERVICE, INC. was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. Defendant MCCALL SERVICE, INC. continues to be an "employer" within the meaning of the FLSA.

17. At all times material hereto, Defendant MCCALL SERVICE, INC. was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

18. At all times relevant to this action, Defendant MCCALL SERVICE, INC. engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

19. At all times relevant to this action, the annual gross sales volume of Defendant MCCALL SERVICE, INC. exceeded $500,000 per year.

20. Thus, Plaintiffs and Members of the Class are "non-exempt employees" who are covered by the FLSA.

21. At all times material hereto, the work performed by Plaintiffs and Members of the Class was directly essential to the business performed by Defendant.

## FACTS

22. Named Plaintiff Padilla began working for Defendant as a pest control technician in October 15, 2018, and he worked in this capacity until April 9, 2019.

23. Named Plaintiff Torres began working for Defendant as a pest control technician in June 2018, and he worked in this capacity until January 27, 2019.

24. At various times material hereto, Plaintiffs and the Class worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rates.

25. Defendant failed to pay Plaintiffs and Members of the Class an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

26. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendant's employment practices, in violation of the FLSA, 29 U.S.C. § 201 et seq.

27. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of pest control technicians whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

29. Therefore, Notice is properly sent to: "All pest control technician's whom Defendant failed to compensate for all of the overtime hours that they worked from May 2016 to the present."

30. The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

31. Plaintiffs are similar to the Class because he and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

32. Plaintiffs' experience with Defendant's payroll practices is typical of the experiences of the Class.

33. Defendant's failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiffs or of the Class is common to the Class.

34. Overall, Plaintiffs' experience as a pest control technician who worked for Defendant is typical of that of the Class.

35. Specific job titles or job duties of the Class do not prevent collective treatment.

36. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

37. Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 27 of this Complaint, as fully set forth herein. Plaintiffs brings this action on behalf of themselves and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join this collective action as Plaintiffs.

38. During the statutory period, Plaintiffs and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

39. Defendant failed to compensate Plaintiffs and the Class for all of the overtime hours that Plaintiffs and the Class worked.

40. The Members of the Class are similarly situated because they were all employed as pest control technician's by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its pest control technician's for all of the overtime hours that they worked in accordance with the FLSA.

41. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiffs and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

42. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

43. As a result of the foregoing, Plaintiffs and the Class have suffered damages.

***WHEREFORE***, Plaintiffs and all similarly situated employees who join this collective action demand:

    (a) Designation of this action as a collective action on behalf of the Plaintiffs and the prospective Class that he seeks to represent, in accordance with the FLSA;

 (b)  Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

 (c)  Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

 (d)  Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

 (e)  Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiffs and of opt-in Members of the Class at the applicable overtime rate;

 (f)  A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

 (g)  Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiffs and of opt-in Members of the Class at the applicable overtime rate as liquidated damages;

 (h)  Judgment against Defendant, stating that its violations of the FLSA were willful;

 (i)  To the extent liquidated damages are not awarded, an award of prejudgment interest;

  (j)  All costs and attorney's fees incurred in prosecuting these claims; and

  (k)  For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

Dated this 20th day of May, 2019.

          Respectfully submitted,

          _____
          **LUIS A. CABASSA**
          Florida Bar Number: 0053643
          **Wenzel Fenton Cabassa, P.A.**
          1110 N. Florida Avenue, Suite 300
          Tampa, Florida 33602
          Main Number: 813-224-0431
          Direct Dial: (813) 379-2565
          Facsimile: 813-229-8712
          Email: lcabassa@wfclaw.com
          Email: twells@wfclaw.com
          **Attorneys for Plaintiffs**